IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VAUGHN GARY MAXFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>C/O KAUTZ, CORPORAL KAUTZ, SERGEANT MODEN, C/O JANE DOE, AND MISSOULA COUNTY,<br><br>Defendants. | CV 20-00073-M-DLC-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Vaughn Maxfield has filed a Motion to Proceed in Forma Pauperis (Doc. 1), a proposed Complaint (Doc. 2), and a Motion for Answer (Doc. 6). Mr. Vaughn alleges constitutional violations regarding his conditions of confinement at the Missoula County Detention Facility. He raises the following four counts: (1) denial of his Fourteenth Amendment right to due process; (2) denial of legal mail in violation of his First, Eighth, and Fourteenth Amendment rights; (3) conspiracy to violate his constitutional rights; and (4) violation of his First Amendment right to access to the courts.

The motion to proceed in forma pauperis will be granted. Defendants C/O Kautz, Corporal Kautz, Sergeant Moden, and Missoula County will be required to respond to Counts 1-3 of the Complaint. Mr. Maxfield's fourth count regarding denial of access to the courts fails to state a claim and should be dismissed.

1

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Maxfield must pay the statutory $350.00 filing fee. Mr. Maxfield submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Maxfield will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Maxfield must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct Montana State Prison to forward payments from Mr. Maxfield's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING STANDARD

Mr. Maxfield is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a

3

constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. SCREENING ANALYSIS

#### A. Access to the Courts

In Count 4 of his Complaint, Mr. Maxfield alleges that from August 8, 2019

to January 8, 2020, Sgt. Moden and Missoula County denied him proper access to the court. He alleges that as a result he suffered intentional infliction of emotional distress, permanent physical and emotional damage, pain, fear, anxiety, panic attacks, and nightmares. (Complaint, Doc. 2 at 18.)

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right, however, is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

A plaintiff, however, must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend

5

against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (*quoting Lewis*, 518 U.S. at 353 & n.4). In addition, a plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id*. at 417. Finally, a plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id*. at 415.

Here, Mr. Maxfield fails to adequately plead he suffered an "actual injury" and he fails to describe the nature or description of the underlying claims. Mr. Maxfield indicates he had deadlines in which to file an answer on a civil case that required a proper response with case law. He does not indicate the nature of those claims and he does not allege that any claims were dismissed as a result of his limited access to research. Rather the only injury he alleges is emotional and physical damage. (Doc. 2 at 18.) The Court takes judicial notice that Mr. Maxfield has another federal lawsuit brought pursuant to 42 U.S.C. § 1983 pending in the United States District Court for the District of South Dakota. *Maxfield v. Larson*, et al., Civil Action 18-cv-1006-KES.[1] Mr. Maxfield, however, was

---

[1]*See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take

6

appointed counsel in that case on May 2, 2019 and that matter is still pending. As such Mr. Maxfield cannot show an actual injury between August 8, 2019 and January 8, 2020 as alleged in his Complaint. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).

Mr. Maxfield's Complaint fails to include any "factual matter" to show how or why any of the individual Defendants in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. Because Mr. Maxfield failed to allege facts sufficient to show that any named Defendant caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, his access to courts claims must be dismissed for failing to state a claim upon which § 1983 relief can be granted.

### B. Jane Doe

Mr. Maxfield also named a Jane Doe defendant, but he does not specifically name her in any of his counts. Even if specifically listed this individual in one of the counts, she cannot be served unless specifically named.

---

judicial notice of a court's own records in other cases and the records of other courts).

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The United States Marshal cannot serve John Doe or Jane Doe defendants until Mr. Maxfield has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshals must be able to identify and locate defendants.

### C. Remaining Counts

The Court has considered whether Mr. Maxfield's remaining claims are is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Dismissal is not appropriate at this time. Defendants C/O Kautz, Corporal Kautz, Sergeant Moden, and Missoula County must respond to Counts 1-3 of Mr. Maxfield's Complaint. *See* 42 U.S.C. § 1997e(g)(2).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Maxfield's Motion to Proceed in Forma Pauperis (Doc. 1) and Motion for Answer regarding the Motion to Proceed in Forma Pauperis (Doc. 6) are GRANTED. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests C/O Kautz, Corporal

Kautz, Sergeant Moden, and Missoula County to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

    3. The Clerk of Court shall mail the following documents to C/O Kautz, Corporal Kautz, Sergeant Moden, and Missoula County:

        * Complaint (Doc. 2);

        * Notices of Filing Exhibits (Docs. 4, 5);

        * this Order;

        * a Notice of Lawsuit & Request to Waive Service of Summons; and

        * a Waiver of Service of Summons.

    4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

letter form.

5.  Mr. Maxfield <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

6.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

7.  At all times during the pendency of this action, Mr. Maxfield must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Count 4 of Mr. Maxfield's Complaint raising First Amendment denial of access to the courts claims should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Maxfield may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) thereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the

---

[1] Mr. Maxfield shall have an additional three (3) days after the period would otherwise expire to file any objections.

district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of October, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VAUGHN GARY MAXFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>C/O KAUTZ, CORPORAL KAUTZ, SERGEANT MODEN, C/O JANE DOE, AND MISSOULA COUNTY,<br><br>Defendants. | CV 20-00073-M-DLC-KLD<br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO: C/O Kautz, Corporal Kautz, and Sgt. Moden
Missoula County Detention Facility
2340 Mullan Road
Missoula, MT 59808

Kirsten Pabst
Missoula County Attorney
200 West Broadway Street
Missoula, MT 59802

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, Defendants waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendants must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on

1

Defendants and Defendants will have 60 days from the date this notice is sent to answer the Complaint. If Defendants do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 28th day of October, 2020.

Kathleen L. DeSoto
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VAUGHN GARY MAXFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>C/O KAUTZ, CORPORAL KAUTZ, SERGEANT MODEN, C/O JANE DOE, AND MISSOULA COUNTY,<br><br>Defendants. | CV 20-00073-M-DLC-KLD<br><br><br>RULE 4 WAVIER OF SERVICE OF SUMMONS |

TO:  The U.S. District Court for the District of Montana

The following Defendants acknowledges receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendants also

understands that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)