IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VAUGHN GARY MAXFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>C/O KAUTZ, CORPORAL KAUTZ, SERGEANT MODEN, C/O JANE DOE, and MISSOULA COUNTY,<br><br>Defendants. | CV 20–73–M–DLC<br><br>ORDER |

Before the Court is the Findings and Recommendations of United States Magistrate Judge Kathleen L. DeSoto, entered on October 28, 2020. (Doc. 7.) Judge DeSoto recommends that the Court dismiss the fourth count of Plaintiff Vaughn Gary Maxfield's Complaint (Doc. 2) for failure to state a claim. Maxfield does not object to the recommendation.

Absent objection, the Court reviews for clear error. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

-1-

The Court finds no clear error here and agrees that Maxfield fails to allege an actual injury as is required to state a cognizable access-to-the-courts claim. In Count IV of the Complaint, Maxfield asserts that between August 8, 2019 and January 8, 2020, Defendants prevented him from conducting meaningful legal research in violation of the First and Fourteenth Amendments. (Doc. 2 at 4, 18.) During that time, Maxfield says, he "had deadlines in which to file an answer [in] a civil case that required a proper response with case law." (*Id.* at 7.) Maxfield claims that, by "denying him proper access to the courts, [Defendants] . . . caused [him] severe and completely unnecessary physical, emotional and mental pain and suffering." (*Id.*)

However, as Judge DeSoto points out, this is not enough. "[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library [and access to legal materials] . . . hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, the "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal" to an inmate's claim that his constitutional right to access the courts has been violated. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008). While Maxfield alleges that Defendants caused him emotional and mental injuries by denying him access to legal research tools, he wholly fails to allege that the purported constitutional violation frustrated

his ongoing civil action in South Dakota.   (*See* Doc. 7 at 6.)   Although the Court does not minimize the distress Maxfield felt when Defendants allegedly thwarted his efforts to conduct research, it agrees with Judge DeSoto that his distress—standing alone—fails to establish a constitutional injury.

Accordingly, reviewing for clear error and finding none, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 7) is ADOPTED IN FULL, and Count IV of the Complaint (Doc. 2 at 18) is DISMISSED for failure to state a claim.

DATED this 20th day of November, 2020.

_____
Dana L. Christensen, District Judge
United States District Court